UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MABEN,

        Plaintiff,

                                           Case No. 17-cv-10817

v.

                                           HON. MARK A. GOLDSMITH

JANET SHAHEEN,

        Defendant.

_____/

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED
JANUARY 31, 2018 (Dkt. 32), (2) OVERRULING PLAINTIFF'S OBJECTIONS
THERETO (Dkt. 33), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 12), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 19), AND (5) DISMISSING PLAINTIFF'S CLAIM WITH
PREJUDICE**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Stephanie Dawkins Davis (Dkt. 32), which recommends granting Defendant Janet Shaheen's motion for summary judgment (Dkt. 12) and denying Plaintiff James Maben's motion for summary judgment (Dkt. 19). Maben filed objections to the R&R (Dkt. 32), to which Shaheen filed a response (Dkt. 33). Because oral argument will not aid the decisional process, the objections to the R&R will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons set forth below, the R&R is accepted, Shaheen's motion for summary judgment is granted, and Maben's motion for summary judgment is denied.

**I. BACKGROUND**

The factual and procedural background, along with the standard of decision and legal principles governing motions to dismiss, has been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Maben is a prisoner at the Central Michigan

1

Correctional Facility, where Shaheen was the Assistant Resident Unit Specialist. Maben alleges First Amendment retaliation due to his request to send legal mail. He alleges that Shaheen had him transferred to another unit and verbally abused him following his request.

Both parties have filed a motion for summary judgment. Shaheen argues that Maben has not established his retaliation claim and that she is immune regardless, while Maben contends that Shaheen was delinquent in filing a response to the complaint. The magistrate judge recommended that Shaheen's motion be granted, because Maben could not show that she took an adverse action. The magistrate judge further found that Shaheen was entitled to immunity under both the Eleventh Amendment and the doctrine of qualified immunity. She recommended a denial of Maben's motion because Shaheen did indeed timely file a response to the complaint. Maben filed eight objections to the magistrate judge's decision.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

Maben raises eight objections to the R&R. For the reasons that follow, all eight objections are overruled.

Maben's first six objections relate to his First Amendment retaliation claim. Such a claim consists of three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

The first three objections relate to the magistrate judge's summary of Shaheen's arguments. The magistrate judge described that Shaheen construed Maben's complaint as bringing both a "legal mail" claim and a retaliation claim; that Shaheen argued that Maben failed to establish a retaliation claim; and that Shaheen contended that a certain level of harm was necessary to constitute an adverse action in a retaliation claim. See Obj. at 2-3 (cm/ecf pages) (Dkt. 33). These objections do not relate to any substantive portions of the magistrate judge's analysis, and thus any error was harmless. For that reason, the objections are overruled.

Another of Maben's objections – Objection 5 – also only disputes an argument made by Defendant (allegedly having to do with "misguided use" of an Eighth Amendment case citation); it fails to address any argument made by the magistrate judge in the R&R. This is not a proper objection, and thus it is overruled. See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.") (emphasis added).

Maben argues in Objection 4 that the R&R "disregards the actual elements of a First Amendment retaliation claim." Obj. at 3 (cm/ecf page). He then proceeds to lay out the elements of the claim: (i) that a person was engaged in conduct protected by the Constitution or statute; (ii) that the defendant took an adverse action; and (iii) that the adverse action was taken at least in part

because of the protected conduct. The R&R certainly did not "disregard" these elements, as Maben claims. Rather, the magistrate judge recited the elements of a First Amendment retaliation claim at the very beginning of its analysis of the claim. See R&R at 12. Accordingly, this objection is overruled.

In his sixth objection, Maben argues that the magistrate judge applied the wrong standard for the "adverse action" element of his claim. See Obj. at 4 (cm/ecf page). Maben claims that he must only show that the action had more than a de minimis impact on him, rather than the Siggers-El standard defining an adverse action as one that would "deter a prisoner of ordinary firmness from continuing to engage in protected conduct." Siggers-El v. Barlow, 412 F.3d 693, 701 (6th Cir. 2005). But these two standards have been equated. In Siggers-El, the panel explained that "if no reasonable trier of fact could conclude that a retaliatory act would deter a person from exercising his rights, then the act should be characterized as de minimis and dismissed at the summary judgment stage." Id. at 703. That is, if a court determines as a matter of law that a prisoner of ordinary firmness would not be deterred, then the prisoner has not shown more than a de minimis impact. Here, the magistrate judge properly found that the transfer and Shaheen's alleged verbal abuse did not rise above a de minimis impact. As the panel noted in Siggers-El, "ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct," id. at 701, unless the transfer also causes "a number of foreseeable consequences that inhibit[s] the Plaintiff's ability to access the courts," id. at 702. Maben has only alleged that the transfer caused a loss of friends and fear and anxiety due to being in a new situation. These consequences surely accompany any transfer, and thus, if a transfer ordinarily does not constitute an adverse action, these allegations cannot satisfy the standard of foreseeable consequences that would prevent a prisoner from exercising his ability to access the courts. Accordingly, the Court

concludes that the magistrate judge correctly found that Maben could not satisfy the "adverse action" element of a retaliation claim, and Maben's objection is overruled.

In his seventh objection, Maben objects to the denial of entry of clerk's default. See Obj. at 5 (cm/ecf page). Maben argues that it is clear from the prison's incoming legal mail log that Shaheen never served the motion on him, and thus he claims that the motion for summary judgment, which served as a response to the complaint, was untimely. He seems to argue that Shaheen submitted a fraudulent document to show proof of mailing. See id. ("[T]he court gives credence to defendants (proof of mailing) as if there was no way to defraud such a document."). There is no evidence of any fraudulent documents being submitted to the court, and, regardless, this objection is not an objection to the R&R. Maben is specifically objecting to the denial of entry of clerk's default, which is not permissible in this form. See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.") (emphasis added). Accordingly, the objection is overruled.

Maben last objects to the magistrate judge's immunity analysis. See Obj. at 6 (cm/ecf page). However, as made clear in both the magistrate judge's R&R and this opinion, Maben has failed to establish the elements of his First Amendment retaliation claim. Thus, even if the Court believed that the magistrate judge erred in her immunity analysis, it would be of no consequence because the claim cannot be sustained against Shaheen. For that reason, Maben's objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court accepts the magistrate judge's recommendation dated January 31, 2018 (Dkt. 32), overrules Maben's objections thereto (Dkt. 33), grants Shaheen's

motion for summary judgment (Dkt. 12), denies Maben's motion for summary judgment (Dkt. 19), and dismisses Maben's claim with prejudice.

SO ORDERED.

Dated: March 20, 2018  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2018.

s/Karri Sandusky  
Case Manager